IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

SCOTT M. THORNTON, )
 )
         Plaintiff, )
 )
vs. ) NO. CIV-07-253-T
 )
TIM KELLY, et al., )
 )
         Defendants. )

O R D E R

Plaintiff, a state prisoner appearing *pro se*, brought this action pursuant to 42 U.S.C. §1983, seeking to assert violations of his constitutional rights. In accordance with 28 U.S.C. §636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings[1]. Upon filing the complaint, plaintiff did not pay the filing fee or file a motion to proceed *in forma pauperis*. As discussed below, the magistrate judge ordered plaintiff to file such motion; plaintiff complied, and the motion was granted. However, despite the granting of several extensions of the deadline for paying the initial partial filing fee, plaintiff failed to pay that fee. Nonetheless, the magistrate judge proceeded to conduct a preliminary review of the complaint, as required by 28 U.S.C. § § 1915A(a) and 1915(e)(2), to determine the sufficiency of the allegations.

On May 25, 2007 the magistrate judge filed a Report and Recommendation [Doc. No. 18] in which he recommended that the action be dismissed upon filing for failure to state a claim upon which relief may be granted. Because plaintiff timely objected to the Report and Recommendation, the matter is reviewed *de novo*.

---

[1] Although the action was filed on a form for § 1983 claims, Judge Purcell noted that defendant Tim Kelly is identified as a federal official; therefore, liberally construing the complaint, he determined that it seeks to assert a claim against defendant Kelly under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). The court agrees with that construction of plaintiff's claims.

Initially, the court addresses two arguments asserted by plaintiff in his objection. First, plaintiff appears to believe that the magistrate judge recommended dismissal of the action because plaintiff failed to pay the partial filing fee; a considerable portion of his objection is devoted to plaintiff's explanation of the reasons for his failure to pay the required amount. Plaintiff misinterprets the reasons for the recommendation. Although Judge Purcell could have recommended dismissal of the complaint for failure to pay the initial filing fee, he did not. Instead, he considered the substance of the allegations in the complaint, and his recommendation is based on the deficiencies in the complaint rather than on plaintiff's failure to pay the partial filing fee.

Second, plaintiff argues that Judge Purcell did not screen the complaint as soon as possible, as required by 28 U. S. C. § 1915A(a), and contends that an earlier review would likely have resulted in a recommendation that plaintiff be allowed to file an amended complaint. Plaintiff is incorrect. The time at which the complaint is reviewed does not impact the court's consideration of the sufficiency of the allegations or its determination regarding whether an amendment would be futile.

Under § 1915A(a), the court must conduct its review prior to docketing or "as soon as practicable" after the action is docketed. In this case, the review of the complaint was delayed because of plaintiff. Although he filed this action on March 1, 2007, he did not pay a filing fee or file a motion to proceed *in forma pauperis;* such motion was not filed until March 20, and only after the magistrate judge directed him to file same. That motion was granted on March 26, and plaintiff was directed to pay an initial partial filing fee by April 17, 2007. However, plaintiff filed an April 16 motion requesting additional time; on April 17, 2007, Judge Purcell issued an order granting in part and denying in part that request and directing plaintiff to pay the initial partial fee

by April 27, 2007. On April 23, plaintiff again requested additional time, and an extension to May 21, 2007 was authorized by order of April 30, 2007.

The record reflects that plaintiff has, to date, not paid the partial filing fee. As a result, Judge Purcell could have recommended dismissal of this action for that failure; instead, he granted plaintiff's several requests for additional time to comply. Eventually, however, he determined to proceed with a review of the complaint despite plaintiff's failure to comply with the orders requiring partial payment. The Report and Recommendation was filed four days after the expiration of the May 21 final deadline for paying a partial filing fee. Any delay in reviewing the complaint was caused by plaintiff and not by the magistrate judge and, in any event, the result of that review was not impacted by the delay.

Moreover, the statute requires dismissal if, at any time, the court finds the allegations deficient, even if a partial filing fee has been paid: "Notwithstanding any filing fee, or any portion thereof, that may have been paid," the court " <u>shall</u> dismiss the case <u>at any time</u>" if the court determines that, *inter alia*, "the action..fails to state a claim on which relief may be granted." 28 U. S. C. § 1915(e)(2)(B)(ii)(emphasis added). Accordingly, plaintiff's arguments regarding the timing of the review of the complaint are without merit.

With respect to the substance of the Report and Recommendation, plaintiff also attempts in his objection to add argument which he believes show that his allegations state a claim for relief. The court has reviewed those arguments in light of the governing law and concludes that they do not warrant a reversal or revision of the findings and conclusions in the Report and Recommendation.

In his review of the complaint, the magistrate judge thoroughly analyzed plaintiff's

contentions in light of the governing law.  The undersigned agrees that the exact legal theories on which plaintiff seeks relief are unclear.  However, the magistrate judge generously and liberally construed plaintiff's  allegations and considered all reasonable legal  theories to  which the allegations could arguably apply.   The thorough analysis at pages 5 through 8 of the Report and Recommendation is correct and is adopted as though fully set forth herein.

Plaintiff's complaint seeks relief based on allegations that he previously acted as a confidential informant for defendants Tim Kelly, an ATF agent, and Delbert Knopps,  an investigator for the Oklahoma County District Attorney.  Plaintiff  has been arrested and is now confined on pending charges Financial Exploitation of a Vulnerable Elderly Adult by a Caretaker (Case No. CF-2007-1895)  and as well as for First Degree Burglary, Robbery with an Imitation Firearm, Kidnaping for the Purpose of Extortion, Assault and Battery with a Dangerous Weapon, and Kidnaping (Case No. CF-2006-7532).  Additionally, his probation has been revoked in another case.   Plaintiff contends that defendants Kelly and Knopps promised him protection and their failure to insure same amounts to indifference to his well-being.  He also refers at length to his need for counseling or mental evaluation, and seeks relief including the "involvement of the ATF, as promised, in negotiating a resolution to plaintiff's present charges," and a mental evaluation "paid by ATF," to determine his mental capacity associated with long-term drug use."  Complaint at p. 5. In his objection to the Report and Recommendation, he essentially argues  that defendants were aware of his drug use and should have taken steps to prevent him from engaging in the criminal activities with which he is now charged.  Further, he contends, they had a duty to protect him from harm resulting from incarceration.

In his objection ,  plaintiff does not argue that the potential  claims for relief discussed by

Judge Purcell are incorrect; neither does he argue that additional potential claims are presented by his complaint. Instead, he argues that the allegations he asserted are sufficient to plead the elements of a claim under the "danger creation" theory. Currier v. Doran, 242 F.3d 905, 918 (10th Cir. 2001), *cert. denied*, 534 U.S. 1019 (2001); *see also* DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189 (1989). As Judge Purcell concluded, plaintiff cannot allege facts to show that the named defendants had a recognized constitutional duty to somehow protect plaintiff from his own conduct. The undersigned agrees with that conclusion. Thus, contrary to plaintiff's contention in his objection to the Report and Recommendation, an attempt to amend the complaint to pursue this claim against these defendants would be futile. Under such circumstances, the court need not authorize leave to amend upon dismissal of the complaint. *See, e.g.,* Foman v. Davis, 371 U.S. 178, 182 (1962); Bauchman for Bauchman v. West High School, 132 F.3d 542, 559 (10th Cir. 1997).

Accordingly, having reviewed the matter *de novo* and having fully considered plaintiff's objections, the court concludes that the magistrate judge was correct in his determination that the complaint fails to state a claim upon which relief may be granted and that amending same would be futile. Therefore, the Report and Recommendation [Doc. No. 18] is adopted; this action is dismissed with prejudice. Plaintiff is advised that this dismissal may constitute one "strike" pursuant to 28 U. S. C. § 1915(g).

IT IS SO ORDERED this 15th day of June, 2007.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE